UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-06367-MWF (Ex) | Date:  October 28, 2025 |

Title:  Kayo Constancio Silva v. Volkswagen Group of America, Inc. et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER TO SHOW CAUSE RE: DEFENDANT'S RESPONSE REGARDING VEHICLE INSPECTION [69]

On October 10, 2025, the Court ordered Defendant to file a response to Plaintiff's allegations that Defendant performed an unauthorized vehicle inspection. (Docket No. 62).  On October 22, 2025, Defendant filed a response to these allegations (the "Response").  (Docket No. 69).

A brief summary of the background is warranted.  On August 4, 2025, the Magistrate Judge denied Defendant's Motion to Compel Inspection of Vehicle and EDR Data Download ("MTC") as that Motion was untimely.  (Docket No. 52). Following the Magistrate Judge's Order, on August 11, 2025, the Court extended the non-expert discovery deadline to September 15, 2025, specifically to allow Defendant to re-file its MTC before the Magistrate Judge.  (Docket No. 54).  Defendant never filed such a renewed motion.  Notwithstanding this failure to file a renewed MTC, when Plaintiff filed briefing on another motion, Plaintiff stated that Defendant nevertheless made an unauthorized inspection of his vehicle on August 7, 2025. (Docket No. 56 at 4).  Accordingly, given this putative violation of the Magistrate Judge's Order, the Court ordered Defendant to submit a response to Plaintiff's allegations of an unauthorized inspection by October 22, 2025.  (*See* Docket No. 62). That Response is now before the Court.

The Response consists of a declaration by counsel and attaches various exhibits evidencing correspondence between the parties.  (*See* Docket No. 69, Declaration of

| | | |
|---|---|---|
| **CIVIL MINUTES—GENERAL** | | 1 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-06367-MWF (Ex)**          **Date:  October 28, 2025**
**Title:  Kayo Constancio Silva v. Volkswagen Group of America, Inc. et al.**

Chiamaka S. Enemuoh ("Enemuoh Decl.")).  For purposes of the inquiry in the Court's prior Order, however, the key argument seems to be that Defendant's counsel believed that the Magistrate Judge's Order was "based on procedural grounds rather than the merits."  (*Id.* ¶ 13).  Defendant's counsel states that following the denial of the MTC, Defendant emailed Plaintiff regarding the inspection scheduled for August 7, 2025, indicating that the inspection would go ahead.  (*Id.* ¶ 14).  Plaintiff replied that he would not consent to the inspection given the denial of the MTC.  (*Id.*).  Defendant's counsel asserts that "Plaintiff appeared to interpret Judge Eick's ruling as substantive rather than procedural." (*Id.*).  Beyond this 'procedural vs. substantive' argument, Defendant's counsel does not advance any other rationale for its inspection of the vehicle.

     The Court should not need to explain why this argument is wholly unavailing, but apparently the Court must.  There is nothing ambiguous about the Magistrate Judge's Order ***denying*** Defendant's MTC.  The distinction drawn by Defendant's counsel that a denial of a MTC — or any motion, for that matter — somehow is not a ***real*** denial when it is ***procedural*** rather than ***substantive*** appears to the Court to be frivolous.  Moreover, later in counsel's declaration, counsel emphasizes that "**no EDR [Event Data Recorder] data has been downloaded from Plaintiff's vehicle by Defendant** at any point without authorization."  (*See* Enemuoh Decl. ¶ 15 (emphasis in original)).  The Magistrate Judge denied the MTC with respect to ***both*** the vehicle investigation and any download of the EDR data, so if anything, this emphasis only bolsters the Court's assumption that Defendant knew it was not authorized to perform either the inspection or a download of the EDR per the Magistrate Judge's Order, but did so regardless.

     Defendant is thus now **ORDERED TO SHOW CAUSE,** in writing, by no later than **November 3, 2025**, why Defendant should not be subject to sanctions for violating the Magistrate Judge's Order.  Pro Se Plaintiff may file an optional Reply by no later than **November 10, 2025.**  If the Court deems it necessary, the Court will hear arguments on this OSC at the pre-trial conference currently scheduled for November 17, 2025.  The sanctions may include the exclusion of any evidence derived from the inspection.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 24-06367-MWF (Ex)          **Date:**  October 28, 2025

**Title:**  Kayo Constancio Silva v. Volkswagen Group of America, Inc. et al.

    Because Plaintiff receives service via U.S. Mail in this action for Orders issued by the Court, and because the Court has set out short deadlines, Defendant's counsel is further **ORDERED** to serve this Order on Plaintiff via email no later than **24 hours** following entry on the docket.

    IT IS SO ORDERED.

    Parties in court without a lawyer are called "*pro se* litigants."  These parties often face special challenges in federal court.  Public Counsel runs a free Federal Pro Se Clinic where *pro se* litigants can get information and guidance.  The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012.  *Pro se* litigants must call or submit an on-line application to request services as follows:  on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.